IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMMERCE & INDUSTRY INSURANCE COMPANY, § § § Plaintiff, § § v. § § JAMES G. ALEXANDER, § Individually and d/b/a/HOUSTON § GLASS COMPANY, HILL COUNTRY § GLASS, INC., and WHITE § CONSTRUCTION COMPANY, § § Defendants. § | CIVIL ACTION NO. H-11-3939 |

MEMORANDUM AND ORDER

Pending is Plaintiff Commerce & Industry Insurance Company's Motion to Dismiss (Document No. 12), in which Plaintiff moves to dismiss Defendant White Construction Company's Counterclaim for Declaratory Judgment (Document No. 11). After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.[1]

---

[1] White Construction Company's Opposed Motions for Leave to Supplement Response to Motion to Dismiss (Document Nos. 35 & 37) are GRANTED. These submissions present documents of which the Court in any event may take judicial notice. *See* Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995). White's Opposed Motion for Leave to File Sur-Reply (Document No. 32) is DENIED.

I. Background

This is an insurance coverage dispute. In June 2008, Defendant White Construction Company ("White"), evidently the general contractor on a condominium construction project in Austin, subcontracted with Defendants Hill Country Glass, Inc. ("Hill Country"), and James G. Alexander ("Alexander"), individually and d/b/a Houston Glass ("Houston Glass"), to install walls, storefronts, and glass at the project.[2] White subsequently sued Hill Country, Alexander, and Houston Glass in state court ("Underlying Suit") alleging that the subcontract was breached.[3] In January 2011, after all three defendants in the Underlying Suit failed to answer, White obtained an interlocutory default judgment as to liability only.[4] The state court later vacated this interlocutory default judgment by an agreed order dated May 10, 2012.[5]

Plaintiff Commerce & Industry Insurance Company ("CIIC"), which issued a commercial excess liability policy to Houston Glass, in this action seeks a declaratory judgment that it has no duty to

---

[2] Document No. 1 ¶ 12.

[3] Id., ex. 2.

[4] Id. ¶ 13.

[5] Document No. 37, ex. A. The Court takes judicial notice of the May 10, 2012 Order. See Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.").

defend or to indemnify Houston Glass or any other defendant in the Underlying Suit.[6]  White counterclaimed for a declaratory judgment that "CIIC owes a duty to defend and, when the issue is justiciable, to indemnify for damages that James Alexander, Houston Glass Company, and Hill Country Glass, Inc. become legally obligated to pay to White."[7]  CIIC urges the present Motion to Dismiss the Counterclaim, alleging that White does not have standing to seek a declaratory judgment on an insurance policy to which it is not a named party and further asserting that the issue of whether CIIC affirmatively owes a duty to indemnify is not ripe.[8]

## II.  Legal Standard

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it.  Ramming v. United States, 281 F.3d

---

[6] See Id.  According to CIIC's Complaint, "Houston Glass Company is the named insured under a Commercial Excess Liability Policy of insurance issued by CIIC, Policy No. EBU 02450914." Document No. 1 at 3.  CIIC alleges that Alexander and Hill Country are not named insureds under the Policy.  Id. at 8.  This Court entered a default judgment in favor of CIIC on its claims against Hill Country.  Document No. 36.

[7] Document No. 11, ¶ 57.

[8] Document No. 12 at 5-7.  CIIC filed this motion pursuant to Rules 12(b)(1) and 12(b)(6).

158, 161 (5th Cir. 2001).  Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks.  *See* Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings.  Paterson, 644 F.2d at 523.  When presented with a facial challenge to subject matter jurisdiction, the Court examines whether the allegations in the pleadings are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true.  Id.; Simmang v. Tex. Bd. of Law Examiners, 346 F. Supp. 2d 874, 880 (W.D. Tex. 2004).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing the attack on the merits.  Ramming, 281 F.3d at 161; *see also* Simmang, 346 F. Supp. 2d at 880.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982).  The issue is not

whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Discussion

In analyzing whether to dismiss a declaratory judgment suit, "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the

authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 387 (5th Cir. 2003). "Federal courts cannot consider the merits of a case unless it presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201."[9] Miss. State Democratic Party v. Barbour, 529 F.3d 538, 544 (5th Cir. 2008)(citations omitted).

The Supreme Court has established that a declaratory judgment action filed by an insurance company to determine the rights and duties of the insurance company under an insurance policy brought against both the insured *and* an injured third party satisfies the "controversy" requirements of § 2201(a). Md. Cas. Co. v. Pac. Coal & Oil Co., 61 S. Ct. 510, 512-13 (1941). In Dairyland Ins. Co. v. Makover, the Fifth Circuit held that the injured third parties, brought into the declaratory judgment suit by the plaintiff-insurer, had standing to appeal the district court's judgment that the insurance policy "does not cover the putative insured." 654 F.2d 1120, 1123 (5th Cir. 1981). The court stated:

---

[9] The Federal Declaratory Judgment Act provides in part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

6

> It is decisive to our holding that [insurer] Dairyland named the [third party] appellants as defendants in its declaratory judgment action. In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer was contingent upon recovery of a judgment against the insured.

Id. Relying on Dairyland, the Fifth Circuit recently rejected an insurer's contention that the injured third-party "has no standing to seek a declaration that [insurer] Lafayette owes a duty to defend its insureds," pointing to Dairyland's determination that the "decisive" fact was that the insurer had brought the third-party into the suit. Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co., 677 F.3d 250, 257 n.5 (5th Cir. 2012). When CICC sued White in this case, therefore, it conferred upon White standing in his counterclaim to seek a converse declaration that the insurance company does have the duty to defend and, under certain circumstances, to indemnify. See id.[10]

Even though White has standing, the Court still has discretion whether to permit White's declaratory judgment counterclaim. The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the

---

[10] Because White has standing on these issues, the Court DENIES CICC's request to strike Paragraph 56 of White's First Amended Answer and Counterclaim pursuant to Rule 12(f). Document No. 12 at ¶ 17.

litigant." Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2143 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 73 S. Ct. 236, 239 (1952)).  It is a procedural, not substantive, law.  Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc., 723 F.2d 1173, 1179 (5th Cir. 1984) (citing Skelly Oil Co. v. Phillips Petroleum Co., 70 S. Ct. 876, 879 (1950)).  Because this case is before the Court on diversity jurisdiction, Texas law applies to the substantive claims of duty to defend and indemnify.

Texas law is clear that the duty to defend and the duty to indemnify are distinct and separate.  *See* King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex. 2002).  Texas courts employ the "eight corners" rule in determining whether an insurer has a duty to defend. *See* Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 552 (5th Cir. 2004); Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523, 528 (5th Cir. 2004); GuideOne Elite Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 308–09 (Tex. 2006).  "[T]he duty to defend arises only when the facts alleged in the complaint, if taken as true, would *potentially* state a cause of action falling within the terms of the policy."  Northfield, 363 F.3d at 528 (emphasis in original).  "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured."  Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997).

"In contrast to the duty to defend, the duty to indemnify is not based on the third party's allegations, but upon the actual facts that underlie the cause of action and result in liability." Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 99 F.3d 695, 701 (5th Cir. 1996)(citing Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 25 (Tex. 1965)). In Farmers Tex. County Mut. Ins. Co. v. Griffin, the Texas Supreme Court held, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." 955 S.W.2d 81, 84 (Tex. 1997)(emphasis in original).

The Fifth Circuit has found that Texas law permits consideration of the duty to indemnify before the conclusion of the underlying lawsuit only in the limited exception stated in Griffin. Northfield, 363 F.3d at 536. In recognizing Texas law on this issue, the Fifth Circuit further stated that "district courts have discretion to decline to grant relief as to the duty to indemnify under the authorization of the Declaratory Judgment Act." Id. at 536-37 (citing Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P., 267 F. Supp. 2d 601, 633 (E.D. Tex. 2003)). Northfield went on to say that the district court "not only had discretion to refuse to decide the duty-to-indemnify issue, but

9

Texas law clearly indicated that it would err by doing so because the underlying litigation was not completed." Id. at 537. Because the Underlying Suit in this case is ongoing, White's duty to indemnify counterclaim is nonjusticiable under Texas law.[11]  Thus, acting in diversity and with respect for the Texas rule, the Court exercises its discretion to dismiss without prejudice that portion of White's counterclaim that seeks declaratory judgment that CIIC has a duty to indemnify Houston Glass or any other defendant in the Underlying Suit.  CICC's motion to dismiss that portion of the counterclaim seeking declaratory judgment that CICC has a duty to defend the Underlying Suit is denied.

## IV. Order

For the foregoing reasons, it is

ORDERED that Plaintiff Commerce & Industry Insurance Company's Motion to Dismiss (Document No. 12) is DENIED as to Defendant White Construction Company's counterclaim for a declaratory judgment on the duty to defend and GRANTED as to Defendant White's counterclaim for a declaratory judgment on the duty to indemnify, and the

---

[11] In contrast, CIIC's claim for declaratory relief on the duty to indemnify may fall within the limited rule established in Griffin and therefore is justiciable, at least until a determination on the merits of the duty to defend is made, at which point the justiciability of the duty to indemnify would have to be reassessed.

10

Case 4:11-cv-03939   Document 42   Filed in TXSD on 07/25/12   Page 11 of 11

counterclaim for a declaratory judgment on the duty to indemnify is dismissed without prejudice.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this <u>27th</u> day of July, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

11